IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. WOOTEN,

              **Plaintiff,**

        v.                                CASE NO. 18-CV-3067-SAC

**JOHNSON COUNTY ADULT**
**DETENTION CENTER, et al.,**

              **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This pro se civil rights action was filed pursuant to 42 U.S.C. § 1983 by a pre-trial detainee confined at the Johnson County Adult Detention Center in New Century, Kansas. Plaintiff proceeds in forma pauperis[1] and alleges that constitutional violations occurred during his pre-trial confinement. He brings suit against the Johnson County Adult Detention Center and the Johnson County Sheriff's Department and seeks removal from segregation and unspecified compensatory damages.

**I. Allegations in the Complaint**

Plaintiff alleges that beginning November 28, 2017,[2] he was placed in administrative segregation, where he has remained for at least 94 days. He states that he has filed at least six grievances making classification and housing requests. Plaintiff alleges that some of his grievances

---

[1] Based upon the affidavit included with plaintiff's motion for leave to proceed in forma pauperis, the court granted plaintiff's motion for leave to proceed without prepayment of fees and assessed no initial partial filing fee because plaintiff has insufficient funds with which to do so. (Doc. 5). Plaintiff remains obligated to make monthly payments under 28 U.S.C. § 1915(b)(2) until he pays the full amount of the $350.00 filing fee.

[2] The complaint states that plaintiff's confinement began November 28, 2018, which the court presumes is an error.

1

have gone unanswered, and that the last response he received denied his request and stated that "the priviledges [sic] you have, you earned while in general population."

## II.    Screening Under 28 U.S.C. § 1915A

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

I.     Analysis

   A.  Exhaustion of Administrative Remedies

Having considered plaintiff's allegations, the court finds that the complaint is subject to dismissal because it appears that plaintiff has not exhausted administrative remedies. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). Plaintiff alleges that he filed multiple grievances addressing his administrative segregation classification, but he provides no evidence or information that he complied with all of the steps of the facility's grievance procedure. Beginning the grievance process is insufficient – the inmate must complete it. *Brooks v. Johnson,* 307 Fed.Appx. 247, 249 (10th Cir., 2009). Plaintiff's complaint is therefore subject to dismissal for failure to exhaust administrative remedies.

   B.  Immunity

Additionally, the named defendants are not subject to suit under § 1983. A governmental entity may not be held liable under § 1983 unless the entity itself supported the violation of rights alleged. *Monell v. Dep't of Social Servs. of City of N.Y.,* 436 U.S. 658, 691 (1978). As such, liability generally attaches to a governmental entity when the alleged injury is caused by the entity's policy or custom. *Id.*, at 694. Plaintiff makes no such allegation in his complaint, and as such, his claim against these defendants is subject to dismissal.

   C.  Failure to State a Claim

Finally, the court finds that plaintiff's substantive complaint about the length of his

confinement in administrative segregation is subject to dismissal because it states no constitutional violation. Because a pretrial detainee cannot be punished before a lawful conviction, whether a condition of pretrial detention violates the constitution depends on whether the condition is imposed for purposes of punishment or whether it is related to a legitimate governmental purpose. *Peoples v. CCA Det. Ctr.*, 42 F.3d 1090, 1106 (10th Cir. 2005). Plaintiff makes no allegation that his confinement in administrative segregation was intended as a punishment. Accordingly, his complaint is subject to dismissal.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted until May 17, 2018, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's claims should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 17th day of April, 2018, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**