# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICHAEL A. WOOTEN,**

           **Plaintiff,**

    v.                                            CASE NO. 18-3067-SAC

**JOHNSON COUNTY ADULT DETENTION CENTER, et al.**

           **Defendants.**

## MEMORANDUM AND ORDER

    This matter is a civil rights action filed under 42 U.S.C. § 1983. The matter comes before the Court on plaintiff's amended complaint (Doc. 12) and on his motion for a change of venue (Doc. 14).

### Background

    Plaintiff is a pretrial detainee at the Johnson County Adult Detention Center (JCADC) in New Century, Kansas. The Court has surveyed the record and has constructed the following statement outlining the background of this action.

    Plaintiff is charged with aggravated indecent liberties and sexual exploitation of a child. He was taken into custody in October 2017 and was ordered to have no contact with the juvenile victim. However, he repeatedly contacted the victim by telephone from the jail; in a state court proceeding, the State described the contents of the calls as including "extensive witness intimidation…the defendant discussed with and suggested to the juvenile victim that she commit suicide." (Doc. 15, p. 11.) The jail became aware of these calls and took steps to block the victim's phone number. Despite this, the plaintiff was able to contact the victim using different telephone numbers that were not programmed into the jail telephone system (*Id.*,

p. 12.).

In December 2017, the state district court ordered that plaintiff be prohibited from using the telephone in the JCADC. The jail responded by placing plaintiff in a solitary confinement cell with release for three hours daily. (*Id.*, p. 7).

Plaintiff's trial is currently scheduled to take place in May 2020[1]. He has remained in solitary confinement for much of that time, although it appears that he now has been released from that status. *See id.*, p. 36 (stating that the plaintiff's request for release from solitary confinement was denied as moot by the trial judge).

The complaint also alleges that plaintiff saw a jail dentist for treatment on two occasions. During these appointments, plaintiff states that the dentist asked him to move his arm and then rubbed against him as he leaned in. Plaintiff contends this action was sexually motivated.

**Discussion**

In response to the Court's earlier order, plaintiff has submitted a 165-page amended complaint.

The Prison Litigation Reform Act (PLRA) directs the federal courts to conduct a preliminary review of any case in which a prisoner seeks relief from a government entity or officer. See 28 U.S.C. § 1915A(a). During that process, the Court must identify any cognizable claim and must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

---

[1] This information was retrieved from on-line records maintained by the District Court of Johnson County.

To state a claim for relief, a plaintiff must make factual allegations that, accepted as true, "raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The court accepts all well-pleaded allegations as true and construes the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the complaint should be dismissed. *Id.* at 558.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must present: "(1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." These requirements are designed to provide that "defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069 (D. Colo. 1991).

As a pro se litigant, plaintiff is required to comply with these requirements. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court may not "assume the role of advocate for a pro se litigant." *Id*. This means the Court cannot "supply additional facts [or] construct a legal theory for a plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff's amended complaint does not comply with Rule 8. Rather, it contains a mix of materials, such as a judicial complaint filed with state authorities, that does not contribute to a "short and plain statement" or have any apparent relevance to plaintiff's claims.

The Court has considered the amended complaint and the two supplements under the liberal standards governing this matter and makes the following findings.

First, the plaintiff broadly claims there is a conspiracy among the prosecutor, a detective and others concerning the criminal action pending against him. Any claims related to that matter must be stayed under *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court determined that a federal court should not intervene in a state action that was begun before the commencement of the federal lawsuit when the state proceedings are ongoing, the proceedings implicate an important state interest, and the state proceedings offer the plaintiff an adequate forum to present his claims. *Id*. at 43. *See also Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253,1272 (10th Cir. 2002)(stating that *Younger* controls "whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." (citations omitted)).

Here, the first condition is met because the state proceedings against plaintiff are ongoing. The second condition also is met because Kansas has an important interest in enforcing its criminal laws through proceedings in the state courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007)("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our

Federalism.")(citing *Younger*, 401 U.S. at 44). The third condition is met because the Kansas courts provide plaintiff with an adequate forum to present his constitutional claims by way of pretrial proceedings, trial, and, if he is convicted, by direct appeal and post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993)("[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised…may be resolved either by trial on the merits in state court or by other (available) state procedures.")(quotation omitted). To overcome this exception, plaintiff must show either "bad faith","harassment", or "irreparable injury." *Amanatullah v. Col. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999). Plaintiff's claims do not persuade the Court that an exception to *Younger* abstention is warranted.

Applying a liberal reading to the balance of the complaint, the Court construes it to allege violations of plaintiff's rights arising from his placement in segregation and from contact with a jail dentist.

### Placement in segregation

As a pretrial detainee, plaintiff is protected from punishment without due process. *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005)(citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1970)). A pretrial detainee still may be subjected to restrictions while incarcerated, but the conditions and restrictions impose may not constitute punishment. *Id*. The core question is whether the restriction is "imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose." *Id*. (citation omitted). Thus, if a pretrial detainee is placed in segregation for a managerial purpose and not for punishment, no process is required. *Id*. at 1106 (citation omitted).

In this case, it is apparent that plaintiff was placed in segregation as a managerial measure imposed due to his persistence in contacting the juvenile victim in his criminal case. The jail took this action after the state trial court ordered the jail to prohibit plaintiff from using the telephones. While the conditions of plaintiff's detention no doubt were made more difficult by his segregation, the placement decision is supported by a legitimate penological purpose.

### Contact with dentist

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson v. Pardus,* 551 U.S. 89 (2007) set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

Here, the events described by plaintiff are of the type so general that they do not plausibly state a claim for relief. In the ordinary course, a dental practitioner would lean over a patient and might ask that patient to adjust slightly for a better approach. While it is

conceivable that a practitioner might abuse that situation, plaintiff's bare claims do not present a plausible scenario.

## Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why his claims concerning his placement in segregation and his contact with the jail dentist should not be dismissed. In the alternative, plaintiff may file a second amended complaint.

An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

## Motion to Change Venue

Finally, the Court considers plaintiff's motion to change venue. Plaintiff moves for a change of venue from Johnson County to Atchison County so that he "can have a fair and impartial trial." This motion appears to be directed to the criminal proceedings pending in Johnson County and should be presented to the presiding judge in that matter. This Court has no jurisdiction to issue orders in that matter and must

deny the motion on that ground.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is directed to show cause on or before **May 15, 2020,** why the claims alleging a wrongful placement in segregation and contact with a jail dentist should not be dismissed for the reasons stated. In the alternative, plaintiff may submit a second amended complaint on or before **May 15, 2020,** that complies with the directions set out in this order.

IT IS FURTHER ORDERED plaintiff's motion for change of venue (Doc. 14) is denied for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 18th day of March, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge