**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL A. WOOTEN,**

                   **Plaintiff,**

    v.                                    **CASE NO. 18-3067-SAC**

**CALVIN HAYDEN, et al.,**

                   **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the court on the second amended complaint (Doc. 22) filed by a pre-trial detainee in the Johnson County Adult Detention Center (JCADC).

### Background

In an earlier order, the court summarized the factual background of plaintiff's claims as follows:

> Plaintiff is charged with aggravated indecent liberties and sexual exploitation of a child. He was taken into custody in October 2017 and was ordered to have no contact with the juvenile victim. However, he repeatedly contacted the victim by telephone from the jail; in a state court proceeding, the State described the contents of the calls as including "extensive witness intimidation…the defendant discussed with and suggested to the juvenile victim that she commit suicide." (Doc. 15, p. 11.) The jail became aware of these calls and took steps to block the victim's phone number. Despite this, the plaintiff was able to contact the victim using different telephone numbers that were not programmed into the jail telephone system (*Id.*, p. 12.).
>
> In December 2017, the state district court ordered that plaintiff be prohibited from using the telephone in the JCADC. The jail responded by placing plaintiff in a solitary confinement cell with release for three hours daily. (*Id.*, p. 7).

In the earlier order, the court directed plaintiff to show cause why the claims should not be dismissed and granted leave to file a second amended complaint. In the second amended complaint, plaintiff alleges defendant Hayden, the Sheriff of Johnson County, and defendant Judge Kelly Ryan of the Johnson County District Court "made the decision to punish [him] by solitary confinement." Doc. 22, p. 2. He also explains, "I filed several motions with the Johnson County Court for release during that time and the judge denied the motions." *Id.* at p. 3. Although the caption portion of the form complaint also identifies as defendants Sgt. Hostetler and "6 remaining on additional sheet", plaintiff does not identify any personal participation by these defendants.

## Discussion

The court has screened the amended complaint under 28 U.S.C. § 1915A(a), which requires the court to conduct an initial review of a complaint against governmental officers filed by a prisoner and under 28 U.S.C. § 1915(e)(2), which requires a review of a complaint brought by a party proceeding in forma pauperis to determine its sufficiency. The court must dismiss a complaint or any part of it if a plaintiff presents claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

As a pretrial detainee, plaintiff was protected by the Fourteenth Amendment from being subjected to any punishment without

due process. *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013). However, governmental officials may place restrictions on a pretrial detainee without due process, so long as the measures imposed do not amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

The distinction between whether a condition does or does not amount to punishment turns on whether the condition is imposed incident to a legitimate governmental interest or purpose. *Id*. at 536-37. Those restrictions that "are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting." *Id*. at 540.

In this case, the decision to place plaintiff in segregation came after less restrictive measures were unsuccessful in curbing his telephone contacts with the victim of the criminal charges pending against him. It appears the state district court considered those measures necessary, as the plaintiff reports the trial court rejected several motions concerning his placement. The facts support a finding that the placement was related to a legitimate interest, namely, preventing an accused from contacting a victim, rather than punishment.

Next, plaintiff's claim for relief seeks monetary damages for the stress of being placed in segregation and for being denied a speedy trial. A claim alleging the denial of a speedy trial must be addressed in the state courts, and, if necessary, through federal

habeas corpus rather than in a civil rights action. Also, plaintiff's claim for compensatory damages is barred by 42 U.S.C. § 1997e(e). That provision, enacted as part of the Prison Litigation Reform Act (PLRA), states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act....").

For the reasons set forth, the court concludes the plaintiff's second amended complaint must be dismissed for failure to state a claim for relief. Plaintiff's placement in segregation, though restrictive, is supported by a legitimate institutional purpose.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 31st day of March, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge